## BERRY ET AL., CONSTITUTING THE BOARD OF PAROLE OF IOWA, ET AL. *v.* DAVIS.[1]

### APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF IOWA.

No. 47.  Submitted October 26, 1916.—Decided January 15, 1917.

When injunctive relief against action by state officials granted in the court below becomes superfluous and the case moot because of subsequent state legislation passed while the case is here pending, this

---

[1] On December 4, 1916, the Chief Justice made the following announcement:

"Attention is directed to the fact that the statute of Iowa of April 19, 1913, Supplement to Iowa Code, 1913, p. 1082, concerning which the appellee complained and the enforcement of which by the board of parole he sought by his suit to enjoin, has been repealed during the pendency of the case in this court (see Act of 1915, Supplemental

court will reverse and remand with directions to dismiss the bill without costs.

216 Fed. Rep. 413, reversed.

THE case is stated in the opinion.

*Mr. George Cosson*, Attorney General of the State of Iowa, and *Mr. Ross R. Mowry*, Assistant Attorney General of the State of Iowa, for appellants.

No appearance for appellee.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill to enjoin the State Board of Parole and the warden and physician of the state penitentiary at Fort Madison from performing vasectomy upon the plaintiff, the defendant in error, in pursuance of an Iowa statute approved April 19, 1913. 35 G. A., c. 187, § 1. Supplement to Code 1913, c. 19-B, § 2600-p. This act among other things directed the operation to be performed upon convicts in the penitentiary who had been twice convicted of felony, and on February 14, 1914, the Board had ordered it, upon the ground that the plaintiff had been twice so convicted. The bill was filed on March 11, 1914. On April 15, 1914, following an opinion of the Attorney General that both felonies must have been committed after the passage of the act, the order was laid on the table, and the warden and physician made affidavits, filed on April 22, that the operation would not be performed by them. Nevertheless, three judges, disregarding the fore-

Supplement to Iowa Code, 1915, p. 238). In view of this fact permission is given the State through its Attorney General on or before January 1, 1917, by printed brief to point out the reasons, if any, which exist why the appeal in this case should not be dismissed."

going opinion and action, proceeded to issue a preliminary injunction as prayed in the bill. 216 Fed. Rep. 413.

An appeal was taken to this court in 1914. In 1915 the Act of 1913 was repealed, and the substituted act does not apply to the plaintiff. Supplemental Supplement to the Code of Iowa, 1915, c. 19-B, § 2600-s1. All possibility or threat of the operation has disappeared now, if not before, by the act of the State. Therefore upon the precedents we are not called upon to consider the propriety of the action of the District Court, but the proper course is to reverse the decree and remand the cause with directions that the bill be dismissed without costs to either party. *United States* v. *Hamburg-Amerikanische Packetfahrt-Actien Gesellschaft*, 239 U. S. 466, 475, 478; *Jones* v. *Montague*, 194 U. S. 147, 153; *Dinsmore* v. *Southern Express Co.*, 183 U. S. 115, 120; *Mills* v. *Green*, 159 U. S. 651, 658.

*Decree reversed. Bill to be dismissed without costs to either party.*