### PAYNE et al. v. HEARST.

(Court of Appeals of District of Columbia. Submitted November 22, 1920. Decided December 6, 1920.)

No. 3415.

Appeal and error ⊜⟾1107—Act authorizing sale of ships requires reversal of prior injunction restraining sale.

A decree enjoining the United States Shipping Board from selling certain German vessels taken over by the United States during the war, on the ground that the board had no power to make such sales, must be reversed, where, pending the appeal, Congress passed Merchant Marine Act June 5, 1920, which expressly authorized the board in its discretion to sell all vessels acquired during the war, and defined the manner in which the sales may be made.

Appeal from the Supreme Court of the District of Columbia.

Action by William Randolph Hearst against John Barton Payne and others, composing the United States Shipping Board. From a decree enjoining the defendants from selling certain vessels, defendants appeal. Reversed and remanded.

J. E. Laskey, U. S. Atty., of Washington, D. C., for appellants.
E. S. Bailey, of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. This appeal is from a decree of the Supreme Court of the District of Columbia, enjoining the individual appellants, composing the United States Shipping Board, and the United States Shipping Board Emergency Fleet Corporation, from selling certain former German vessels taken over by the United States during the war.

The present consideration is on motion of appellants that the decree be reversed, for the reason that, since the entry of the final decree and the taking of this appeal, Congress, by an act approved June 5, 1920 (U. S. Stats. 1919 and 1920 [41 Stat.] p. 988), known as the Merchant Marine Act, has expressly authorized the United States Shipping Board, in its discretion and under certain limitations therein expressed, to sell all vessels acquired by the United States during the war, including the vessels here in question. The act not only vests the power in the board to do the thing enjoined, but defines how it shall be done.

Whether, therefore, the board exceeded its power, or was threatening to do so, when the decree appealed from was made, is now a moot question. The motion to reverse the decree must be sustained. · Public Utility Commissioners v. Compania General, 249 U. S. 425, 39 Sup. Ct. 332, 63 L. Ed. 687.

The decree is reversed, without costs, and the cause is remanded, with directions to dismiss the bill, without costs to either party.

Reversed and remanded.