**W. AMES & CO. v. WALLACE, Secretary of Agriculture, et al.**

**No. 6424.**

United States Court of Appeals for the District of Columbia.

Argued Nov. 4, 5, 1935.

Decided Dec. 23, 1935.

Daniel Thew Wright, of Washington, D. C., and R. Robinson Chance and Frederick Snow Kellogg, both of Jersey City, N. J., for appellant.

Leslie C. Garnett, U. S. Atty., Robert H. Jackson, and M. S. Huberman, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

GRONER, Associate Justice.

This case is here on appeal from a final decree of the Supreme Court of the District of Columbia dismissing the bill of complaint.

The bill was filed October 5, 1934, against Wallace, Secretary of Agriculture; Ickes, Secretary of the Interior and Federal Emergency Administrator of Public Works; and MacDonald, Chief of the Bureau of Public Roads of the United States Department of Agriculture, seeking to restrain them from requiring (pursuant to Executive Order No. 6646 of March 14, 1934 [40 U.S.C.A. § 414 note]) that bidders for road or bridge construction undertaken by the United States, with funds disbursed by the Department of Agriculture, purchase materials for such construction only from persons who have certified compliance with codes of "fair competition" approved under the National Industrial Recovery Act, title 1 (48 Stat. 195), applicable to such materials; and further seeking to restrain appellees from making loans or grants to states or other local agencies upon terms requiring, pursuant to such Executive Order, that such states or agencies impose similar restrictions upon bidders for state or other local road or bridge construction. The bill was dismissed below (February 6, 1935) on the ground that no invasion of legal rights was shown. The case was brought here on appeal, and on August 21, 1935, appellees moved to dismiss the appeal on the ground that the case had become moot. We postponed consideration of the motion until the case was reached in regular order, at which time the question involved in the motion to dismiss, as well as the questions submitted to the lower court, was argued. But since we are of opinion that the grounds of the motion are well taken, we shall confine our discussion to that question.

Appellant is engaged in the manufacture of steel products used largely in connection with road building, and has its plant at Jersey City, N. J. At the time of filing the bill, and for many years prior thereto, it was engaged in selling its products to the national and to state governments and to government contractors or suppliers. On June 16, 1933, the President approved the National Industrial Recovery Act (48 Stat. 195), and on the 14th of March, 1934, issued Executive Order No. 6646, the result of which, the bill alleges, was to effectuate an illegal boycott against appellant by preventing it from bidding and from selling directly or indirectly to any agency of the United States, to any state, municipal corporation, local subdivision, person, or corporation, unless and until appellant certified that it was complying with and would continue to comply with certain codes of fair competition relating to materials and supplies manufactured and sold by appellant.

The bill further alleged that the act of Congress was unlawful and that appellant had neither signed nor agreed to comply with any of the applicable codes, and that, in the circumstances, it was irreparably injured by the blacklisting and outlawry of its products and was without adequate remedy at law.

But on May 27, 1935, the Supreme Court in the case of A. L. A. Schechter Poultry Corp. v. United States, 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570, 97 A.L.R. 947, decided that the code-making authority conferred by the National Industrial Recovery Act was an unconstitutional delegation of legislative power; and on May 29, 1935, and June 3, 1935, Administrative Orders Nos. GC 89 and GC 90 were issued on the authority of the President, suspending Executive Order No. 6646. And on June 14, 1935 (chapter 246, § 2, Act of June 14, 1935, 49 Stat. 375, 15 U.S.C.A. § 703 note), Congress repealed the provisions of the National Industrial Recovery Act which delegated authority to the President to approve, prescribe, or enforce codes of fair competition. As a consequence, there are no codes now in existence and no statute authorizing the promulgation of codes with which appellant must comply in order to furnish materials for federal or federal-aided road or bridge construction; and appellees are not now undertaking to enforce any of the restrictive provisions of the Executive Order of which appellant complains. In these circumstances the granting of an injunction would be a futile act and, if this is true, obviously this court ought not to enter a judgment which cannot be carried into effect.

"It is the duty of courts to decide only real and pending issues, and not to pro-

nounce judgment upon abstract propositions or moot questions, no matter how the opinion might affect future action in similar circumstances (Mills v. Green, 159 U. S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293; Richardson v. McChesney, 218 U.S. 487, 492, 31 S.Ct. 43, 54 L.Ed. 1121); and the question is none the less moot where legislation is the occasion of complaint and is repealed as here during pendency of the suit (Berry v. Davis, 242 U.S. 468, 470, 37 S.Ct. 208, 61 L.Ed. 441)." [1]

In the last-named case the Supreme Court said that, where injunctive relief against action by state officials granted in the court below becomes superfluous and the case moot because of subsequent repeal legislation passed while the case is pending in the Supreme Court, that court will reverse and remand with directions to dismiss the bill. And see, also, Lewis Publishing Company v. Wyman, 228 U.S. 610, 33 S.Ct. 599, 57 L.Ed. 989; Dinsmore v. So. Exp. Co., 183 U.S. 115, 22 S.Ct. 45, 46 L.Ed. 111; Contract Cartage Company v. Sawyer (C.C.A.) 54 F.(2d) 632.

We are of opinion that the whole subject-matter of the litigation has been uprooted; that no actual controversy exists between the parties; and that all possibility of injury to the appellant disappeared with the repeal of the provisions of the act and the withdrawal of the Executive Order. In this aspect, as the Supreme Court said in Berry v. Davis, supra, we are not called upon to consider the propriety of the action of the lower court and, as the decree of that court dismissing the bill is appropriate, we affirm that decree upon the ground indicated herein; and no costs will be taxed against appellant in either court.

Affirmed.

---

[1] City of Paducah v. Paducah Water Co. (C.C.A.) 258 F. 20, 22.