**ST. LOUIS–SAN FRANCISCO RAILWAY COMPANY, Appellant,**

v.

**RAILROAD YARDMASTERS OF AMERICA, AFL–CIO, Appellee.**

No. 21912.

United States Court of Appeals Fifth Circuit.

June 28, 1965.

Martin M. Lucente, Chicago, Ill., Ernest D. Grinnell, Jr., Paul R. Moody, St. Louis, Mo., Judge Gambill, Fort Worth, Tex., Robert E. Burns, Dallas, Tex., Harry McCall, Jr., Chaffe, McCall, Phillips, Burke, Toler & Hopkins, New Orleans, La., Sidley, Austin, Burgess & Smith, Chicago, Ill., for defendant-appellant, Allen, Gambill & Gambill, Fort Worth, Tex., Burford, Ryburn & Ford, Dallas, Tex., of counsel.

Charles J. Morris, Dallas, Tex., for appellee, Mullinax, Wells, Morris & Mauzy, Dallas, Tex., of counsel.

Before WOODBURY,* JONES and GEWIN, Circuit Judges.

PER CURIAM.

When the substantive issue involved in this case was decided by the National Railway Adjustment Board, this Court dismissed the appeal as moot. The appellant has, by motion, urged that our judgment dismissing the appeal be recalled and vacated and that we reverse the injunctive order of the district court and direct that the complaint be dismissed. We conclude that the motion should be granted. The approved procedure, when a case has become moot while an appeal is pending, is to vacate or reverse the order or judgment from

---

* Senior Judge of the First Circuit, sitting by designation.

which the appeal was taken, "with directions * * * to dismiss the bill of complaint * * *, because the controversy involved has become moot and, therefore, no longer a subject appropriate for judicial action." Baltimore & Ohio R. R. Co. v. Anchor Coal Co., 279 U.S. 812, 49 S.Ct. 262, 73 L.Ed. 971. See also United States v. Munsingwear, Inc., 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36; Duke Power Co. v. Greenwood County, 299 U.S. 259, 57 S.Ct. 202, 81 L.Ed. 178; Brownlow v. Schwartz, 261 U.S. 216, 43 S.Ct. 263, 67 L.Ed. 620; Atherton Mills v. Johnston, 259 U.S. 13, 42 S.Ct. 422, 66 L.Ed. 814; United States v. Hamburg-American Line, 239 U.S. 466, 36 S.Ct. 212, 60 L.Ed. 387. But see Verret v. Oil Transport Co., 365 U.S. 768, 81 S.Ct. 911, 6 L.Ed.2d 83.

■ Our reversal of the district court's injunctive order is not to be regarded as a determination of the propriety of the issuance of the order. The sole ground of our reversal is that the cause has become moot.

■ The judgment of this Court dismissing the appeal is recalled, vacated and set aside. The order of the district court is vacated and the cause is remanded with directions to dismiss the complaint and the action.

Prior judgment recalled and vacated.

Reversed and remanded.