**William L. PAUL, Sr., individually and as a member of the class of the Stikine Tribal Community of Tlingit and Haida Indians, Appellant,**

v.

**Norman NAUSKA, Val Ferguson, Martha Bradley, William E. Smith, Edith Stevens and William Willard, Appellees.**

**No. 575.**

Supreme Court of Alaska.

Nov. 4, 1965.

Frederick Paul, Seattle, Wash., for appellant.

C. L. Cloudy, of Ziegler, Ziegler & Cloudy, W. C. Stump, of Stump & Bailey, Ketchikan, for appellees.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

The Act of June 19, 1935, 49 Stat. 388, authorized the Tlingit and Haida Indians of Alaska to sue the United States in the Court of Claims for the recovery of just compensation for lands or other tribal or

community property rights taken from them by the United States or in respect to which the United States had failed or refused to protect their interests.

Following passage of the Act, the Indians concerned instituted an action in the Court of Claims based on their claims against the United States. That court gave judgment for the Indians on the issue of the liability of the United States and provided that the amount of recovery, the amount of offsets, if any, and the issue of voluntary abandonment or relinquishment were reserved for further proceedings.[1]

In 1963, after the Court of Claims had made its decision, appellant commenced this action for an injunction against the appellees. The superior court dismissed the complaint for lack of jurisdiction over the subject matter of the action. On appeal, we reversed and remanded the case for further proceedings.[2] On remand, the superior court dismissed the complaint for failure to state a claim upon which relief could be granted and denied appellant's motion

for a preliminary injunction. This appeal followed.

Section 7 of the Act of June 19, 1935 provided that each tribal community of the Tlingit and Haida Indians should prepare a roll of its tribal membership and submit such roll to a Tlingit and Haida central council for approval. Section 8 of the Act provided that the amount of any judgment in favor of the Indians should be apportioned to the different Tlingit and Haida communities listed in the roll of tribal membership provided for in Section 7 in direct proportion to the number of names on each roll.[3]

The 1935 Act did not state how the Tlingit and Haida central council should be established. Appellant's complaint alleges that such a council had in fact been organized or was to be organized by a convention of delegates elected from the respective Tlingit and Haida tribal communities. Although the complaint is at best ambiguous and difficult to understand, it appears substantially to amount to an attack on the

1. Tlingit and Haida Indians of Alaska v. United States, 177 F.Supp. 452 (Ct.Cl. 1959).

2. Paul v. Nauska, 395 P.2d 260 (Alaska 1964).

3. Sections 7 and 8 of the Act of June 19, 1935, 49 Stat. 389–390, provided as follows:

Sec. 7. That Tlingit and Haida Indians of Alaska who are entitled to share in any judgment or appropriation made to pay said claim or claims shall consist of all persons of Tlingit or Haida blood, living in or belonging to any local community of these tribes in the territory described in section 1 of this Act. Each tribal community shall prepare a roll of its tribal membership, which roll shall be submitted to a Tlingit and Haida central council for its approval. The said central council shall prepare a combined roll of all communities and submit it to the Secretary of the Interior for approval. Approval of the roll by the said Secretary of the Interior shall operate as final proof of the right of such Indian communities to share in the benefits of this Act as set forth in section 8.

Sec. 8. The amount of any judgment in favor of said Tlingit and Haida Indians of Alaska, after payment of attorneys fees, shall be apportioned to the different Tlingit and Haida communities listed in the roll provided for in section 7 in direct proportion to the number of names on each roll, and shall become an asset thereof, and shall be deposited in the Treasury of the United States to the credit of each community, and such funds shall bear interest at the rate of 4 per centum per annum, and shall be expended from time to time upon requisition by the said communities by and with advice and consent of the Secretary of the Interior, and under regulations as he may prescribe, for the future economic security and stability of said Indian groups, through the acquisition or creation of productive economic instruments and resources of public benefit to such Indian communities: *Provided, however,* That the interest on such funds may be used for beneficial purposes such as the relief of distress, emergency relief and health: *Provided further,* That none of the funds above indicated or the interest thereon shall ever be used for per capita payments.

formation of the central council so far as that body is composed of members representing or purporting to represent the Stikine Tribal Community of which appellant claims to be a member. Appellant claims that the election of appellees as delegates from the Stikine Tribal Community to a convention of the various Tlingit and Haida tribal communities was void because appellees were not in fact members of the Stikine Tribal Community; that appellant and those similarly situated would be irreparably injured by appellees' representation of the Stikine Tribal Community at a convention of delegates of the various tribal communities to be held at Hoonah, Alaska in November 1964; and that appellees should therefore be enjoined from representing the Stikine Tribal Community "in any wise and in particular at the Hoonah convention of November, 1964."

It is not at all clear from the complaint how the alleged irreparable injury would occur or what it would consist of. It is suggested, but not clearly stated, that appellant's injury would consist of his not having a voice in the selection of the central council, because the appellees, as delegates to the convention where the central council would be elected, did not legally represent appellant and the other members of the Stikine Tribal Community. And not having a voice in the selection of the central council, appellant would also have no voice in the preparation of the roll of Indian tribal communities that ultimately would be entitled to share in the distribution of the money judgment in favor of the Tlingit and Haida Indians as provided by Sections 7 and 8 of the Act of June 19, 1935.

Subsequent to the time this appeal was taken the Act of June 19, 1935 was amended by Congress. By the Act of August 19, 1965,[4] the Central Council of Tlingit and Haida Indians, as it existed on August 19, 1965, is now recognized by Congress as a

---

4. Sections 7 and 8 of the Act of June 19, 1935, 49 Stat. 389–390, were amended by the Act of August 19, 1965, 79 Stat. 543–544, to read as follows:

Sec. 7. Upon submission to the Secretary of the Interior by the existing organization known as the Central Council of the Tlingit and Haida Indians of Alaska or by a committee duly appointed by such central council, of rules prescribing the method of election of delegates to the central council which the Secretary finds to be equitable and to be designed to assure, to the extent feasible, fair representation on the central council to persons of Tlingit or Haida blood who reside in the various local communities or areas in the United States or Canada, the Secretary, in his discretion, is authorized to approve such rules. The Central Council of Tlingit and Haida Indians, composed of delegates elected in accordance with such approved rules and their duly elected successors in office, shall be the official Central Council of Tlingit and Haida Indians for purposes of this Act. Any amendments to such rules shall be subject to the approval of the Secretary. Sec. 8. The amount of the appropriation made to pay any judgment in favor of said Tlingit and Haida Indians of Alaska shall be deposited in the Treasury of the United States to the credit of the Tlingit and Haida Indians of Alaska, and such funds shall bear interest at the rate of 4 per centum per annum. Such funds including the interest thereon shall not be available for advances, except for such amounts as may be necessary to pay attorney fees, expenses of litigation, organizational, operating and administrative expenses of the official Central Council, and expenses of program planning, until after legislation has been enacted that sets forth the purposes for which said funds shall be used. The Council is authorized to prepare plans for the use of said funds, and to exercise such further powers with respect to the advance, expenditure, and distribution of said funds as may be authorized by Congress. In order to facilitate the prompt use and distribution of said funds, the Secretary of the Interior, pursuant to such rules and regulations as he may prescribe, is authorized and directed to prepare a roll of all persons of Tlingit or Haida blood who reside in the various local communities or areas of the United States or Canada on the date of this Act. The costs of preparing such roll incurred subsequent to the appropriation to pay any judgment shall be deducted from such judgment funds. Any part of such funds that may be distributed per capita to persons of Tlingit or Haida blood shall not be subject to Federal or State income taxes.

body having existence, status and authority to act, without regard to the manner in which such Council came to be—whether by selection by representatives of the various tribal communities or otherwise. Such Central Council is authorized to submit to the Secretary of the Interior for his approval proposed rules prescribing the method of electing delegates to the Central Council. When such rules have been approved by the Secretary and delegates elected in accordance with those rules, the official Central Council of the Tlingit and Haida Indians will have been formed, with the authority to exercise powers prescribed by Section 8 of the 1965 Act. It is clear from this recently enacted legislation that no significance may be attached to the fact that the existing, de facto Central Council may or may not be composed in part of delegates to the Hoonah convention of November 1964 who were not members of the Stikine Tribal Community.

■ In view of the 1965 amendment to the 1935 Act, it is unnecessary for us to decide whether appellant's complaint states a claim for injunctive relief. Although enacted after the decision of the court below, the 1965 amendment must be given effect in deciding this appeal because the case involves relief by injunction which operates in the future.[5] There would be no point in enjoining appellees from representing appellant and his class in the selection of a Central Council because the issue of whether appellees are qualified to so represent appellant and his class is now moot. The 1965 amendment prescribes the method of selecting the official Central Council of the Tlingit and Haida Indians, and the question of whether the method to be chosen must and will afford the Stikine Tribal Community representation on the Council

is not presented in this controversy. Since the case is now moot, we believe it appropriate to affirm the decision below without considering the propriety of that decision.[6]

The order of the superior court denying appellant injunctive relief and dismissing his complaint against appellees is affirmed.

5. Duplex Printing Press Co. v. Deering, 254 U.S. 443, 464, 41 S.Ct. 172, 65 L.Ed. 349, 356 (1921); Texas Co. v. Brown, 258 U.S. 466, 474, 42 S.Ct. 375, 66 L.Ed. 721, 725 (1922); American Steel Foundries v. Tri-City Cent. Trades Council, 257 U.S. 184, 201, 42 S.Ct. 72, 66 L.Ed. 189, 196 (1921). See Annot., Appeal—

Change of Law Since Decision, 111 A.L.R. 1317, at 1328 (1937).

6. Gibbes v. Zimmerman, 290 U.S. 326, 54 S.Ct. 140, 78 L.Ed. 342 (1933); W. Ames & Co. v. Wallace, 65 App.D.C. 150, 81 F. 2d 414, 415–416, cert. denied, 295 U.S. 744, 55 S.Ct. 657, 79 L.Ed. 1690 (1935).