Dr. Bertrand O. TYSON, Appellant,

v.

Lt. Clarence J. CAZES et al., Appellees.
No. 22616.

United States Court of Appeals
Fifth Circuit.
July 25, 1966.

Norman Amaker, New York City, Murphy W. Bell, Baton Rouge, La., Jack Greenberg, New York City, for appellant.

Edward N. Engolio, Plaquemine, La., for appellees.

John Doar, Asst. Atty. Gen., David L. Norman, Alan G. Marer, Alvin Hirshen, Attys., Dept. of Justice, Washington, D. C., for the United States, amicus curiae.

Before BROWN, BURGER,* and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

At about 2:30 a. m. July 16, 1964 the plaintiff, Dr. Bertrand O. Tyson, a Negro ordered a drink in the Celebrity Lounge, a public bar and lounge in the town of Plaquemine, Louisiana. At that time a city ordinance was in effect requiring separate services for Negroes and whites at public bars. An employee informed Dr. Tyson that the Celebrity Lounge did not serve Negroes and asked him to leave the premises. He refused to leave without being served. Mrs. Lydia Stewart, the owner, called the police. In their presence, Mrs. Stewart again requested Dr. Tyson to leave. The plaintiff refused. The police arrested him, charging him with being drunk and disorderly and disturbing the peace. Later in the day, a local court dismissed the charges "on grounds that the evidence was insufficient to support the charges".

Dr. Tyson filed this action against the arresting police officers and the owner of the bar for $100,000 damages under the

---

* Of the District of Columbia Circuit, sitting by designation.

civil rights statutes, 42 U.S.C. §§ 1983 and 1985. He prays for an injunction primarily under Title II of the Civil Rights Act of 1964. The district court dismissed the complaint on several grounds:[1] (1) A bar is not one of the enumerated public accommodations in Section 201 of the Act; (2) Section 202 of the Act[2] does not create a right to be free from discrimination or arrest where the proprietor of a facility wishes to segregate it on an individual basis, even if the city still has a separate-service ordinance;[3] (3) Sections 1983 and 1985 were not violated because (a) no rights under the 1964 Act were involved and (b) malicious prosecution is a state offense rather than a federal offense. The plaintiff seeks review only of the dismissal of his plea for injunctive relief; he has abandoned his claim for damages.

At the hearing of this appeal the plaintiff conceded that the Celebrity Lounge, as a bar and lounge, does not qualify as one of the enumerated accommodations under Section 201 of the 1964 Act. Furthermore, the parties informed the Court that on May 27, 1965 the City of Plaquemine repealed its separate-service ordinance[4] and that no other city ordinances or state statutes or administrative regulations of like tenor appear to exist. Section 202 of the 1964 Act does not apply since it creates a right to service "at any establishment or place" only if discrimination or segregation by the establishment is or purports to be required by law. The plaintiff does not contend in this appeal that he is entitled to relief under any other statute or constitutional provision.[5] There is no reasonable expectation that the Plaquemine separate-service ordinance will be reenacted.[6] In these circumstances, we find that no controversy now exists between the parties.

It is a well settled principle of law that cessation of illegal conduct at the prompting of legal proceedings is not sufficient to render a case or controversy moot. United States v. W. T. Grant Co., 1953, 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303. And this is so because without the compulsion of a court decree the defendant is free to return to his forbidden ways. Anderson v. City of Albany, 5 Cir. 1963, 321 F.2d 649. But in the present case appellees' conduct allegedly violated Sections 202 and 203 of the Civil Rights Act of 1964 only because the City of Plaquemine by ordinance prohibited the Celebrity Lounge from serving both white and Negro persons. It was the coincidence of these two factors—the prohibitory ordinance and the refusal to serve appellant on account of his race—

1. Tyson v. Cazes, E.D.La.1965, 238 F. Supp. 937.

2. 42 U.S.C. § 2000a-1: "All persons shall be entitled to be free, at any establishment or place, from discrimination or segregation of any kind on the ground of race, color, religion, or national origin, if such discrimination or segregation is or purports to be required by any law, statute, ordinance, regulation, rule, or order of a State or any agency or political subdivision thereof."

3. The City of Plaquemine had the following provision in Chapter 3 of its Code of Ordinances:
   "Sec. 3-8. Sale for consumption to members of white and negro race.
   It shall be unlawful for any person to sell spiritous, vinous or malt liquor of alcoholic content of more than 3.2 per cent by volume for consumption on the same premises to persons of the white and caucasian race and persons of the negro or black race. (Ord. No. 683 § 7, 11-30-61)"

4. City of Plaquemine Ordinance No. 723.

5. Compare Anderson v. City of Albany, 5 Cir. 1963, 321 F.2d 649. In *Anderson* the constitutional violation clearly remained after repeal of specific ordinances; the existence of the segregation ordinance was not the sole basis for the right the plaintiff asserts here. The Albany ordinances were but one aspect of the city's segregation policy; the repeal of the ordinances did not undermine the need for general injunctive relief.

6. Compare Derrington v. Plummer, 5 Cir. 1956, 240 F.2d 922, 925, cert. denied 1957, 353 U.S. 924, 77 S.Ct. 680, 1 L.Ed. 2d 719 (reasonable possibility of resumption of unlawful action by defendant county).

that made the defendants' conduct illegal under section 203 of the Civil Rights Act of 1964. Whatever the legality may be of refusing Negroes service in bars, absent such prohibitory ordinances (see Bell v. State of Maryland, 1964, 378 U.S. 226, 84 S.Ct. 1814, 12 L.Ed.2d 822), the appellees' conduct, if repeated now, would not be illegal under the Civil Rights Act of 1964. The repeal of the Plaquemine ordinance, in effect, grants the requested relief. The case is moot. Berry v. Davis, 1917, 242 U.S. 468, 37 S.Ct. 208, 61 L.Ed. 441; Baltimore & Ohio R. R. v. Anchor Coal Co., 1929, 279 U.S. 812, 49 S.Ct. 262, 73 L.Ed. 971; St. Louis-San Francisco Ry. v. Railroad Yardmasters of America, AFL–CIO, 5 Cir. 1965, 347 F.2d 983.

■ The plaintiff argues that the trial court's published opinion erroneously construes Section 202 of the Act,[7] and that our failure to overrule it would sustain the reasoning as precedent in cases involving other communities that still do have separate-service ordinances. The argument misconceives the effect of vacating the judgment below. As we have recently said: "Our reversal of the district court's * * * order is not to be regarded as a determination of the propriety of the issuance of the order. The sole ground of our reversal is that the cause has become moot." St. Louis-San Francisco Ry. v. Railroad Yardmas-

ters of America AFL–CIO, supra, 347 F.2d at 984. Similarly, the lower court's decision in this case has no precedential effect.[8] See United States v. Munsingwear, Inc., 1950, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36.

We reverse and vacate the judgment and opinion of the district court and remand the cause with directions that the complaint be dismissed for mootness without costs to either party.

---

7. The district court held that section 202 does no more than provide immunity from prosecution for the bar owner wishing to desegregate his establishment in violation of local separate-service ordinances. Since section 202 immunized the defendants from the City of Plaquemine's segregation ordinance, reasoned the court, they could engage in private discrimination however they wished. The plaintiff contends that section 202 creates an enforceable right to serving wherever these segregation ordinances exist. The plaintiff observes that immunity for the owner of an establishment is expressly granted in section 203 of the Act (42 U.S.C. § 2000a–2), the general immunity provision.

8. The distinction between the mere dismissal of an appeal and the reversal of

judgment for mootness was recently observed by this Court in St. Louis-San Francisco Railway Co. v. Railroad Yardmasters of America, AFL–CIO, 5 Cir. 1965, 345 F.2d 181 (appeal dismissed) and 347 F.2d 983 (judgment reversed and vacated). Compare Morrison Cafeteria Co. of Nashville, Inc. v. Johnson, 6 Cir. 1965, 344 F.2d 690 (dismissal of appeal without vacating order of district court). See generally Diamond, Federal Jurisdiction to Decide Moot Cases, 94 U.Pa.L.Rev. 125 (1946); Note, Disposition of Moot Cases by the United States Supreme Court, 23 U.Chi.L.Rev. 77 (1955); Note, Cases Moot on Appeal: A Limit on the Judicial Power, 103 U.Pa. L.Rev. 772 (1955).