**UNITED STATES of America, Plaintiff,**

v.

**William DeROSIER, d/b/a Northwood Bar, Defendant.**

**No. 71–665–Civ.**

United States District Court, S. D. Florida.

Oct. 7, 1971.

J. Luther Drew, West Palm Beach, Fla., for defendant.

### ORDER

FULTON, Chief Judge.

This cause came before the Court for a pre-trial conference. Counsel have jointly prepared, signed, and filed with the Court a pre-trial stipulation. On the basis of this pre-trial stipulation, stipulations of counsel made at the pre-trial conference, the pleadings, and depositions on file, the Court finds that there is no genuine issue as to any material fact and that, as a matter of law, the defendant is entitled to a judgment. Rule 56, Fed.R.Civ.P.

The issue in this case is whether the Northwood Bar by virtue of its maintenance of a juke box, a coin-operated shuffle board, and a coin-operated pool table, all of which were manufactured outside the State of Florida, is a "place of exhibition or entertainment" under § 2000a(b) (3) of 42 U.S.C. § 2000a and is, therefore, an establishment covered by the Public Accommodations Act.

This civil rights action has been brought by the Attorney General, pursuant to the provisions of 42 U.S.C. § 2000a–5, to enforce the provisions of 42 U.S.C. § 2000a, which prohibits discrimination or segregation in certain places of public accommodation. The defendants, William and Mildred DeRosier, own a small neighborhood bar, with a customer capacity of no more than forty, known as the Northwood Bar. The Northwood Bar is located in West Palm Beach, Florida. It sells and serves beer and wine; it does not sell liquor. Three coin-operated machines are maintained on the premises. It is alleged that the defendants follow a practice and pattern of discriminating against Negroes by refusing to serve Negroes in their bar.

Section 2000a(a) of Title 42 of the United States Code provides:

(a) All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of

Peter Mear, Department of Justice, Washington, D.C., for plaintiff.

any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

The various establishments which are places of public accommodation within the meaning of § 2000a(a) are enumerated in § 2000a(b). To come within the Act, the establishment must be (1) a lodging place for transient guests, or (2) a restaurant or facility principally engaged in selling food for consumption on the premises, or (3) a motion picture theater, arena, or other place of exhibition or entertainment, or (4) an establishment physically located within another covered establishment. Not every public place is covered by the Act.

■ Bars, *per se*, are not covered by the Public Accommodations Section of the 1964 Civil Rights Act, 42 U.S.C. § 2000a. Cuevas v. Sdrales, 344 F.2d 1019 (10th Cir. 1965), cert. denied 382 U.S. 1014, 86 S.Ct. 625, 15 L.Ed.2d 528 (1966). They are not specifically mentioned establishments, in contrast to restaurants or hotels or motion picture houses, and apparently Congress did not intend to include them. According to Senator Magnuson, Chairman of the Senate Committee for Commerce, to which the 1964 Civil Rights Act, Public Accommodations Section, was referred for hearings, "a bar, in the strict sense of that word, would not be governed by Title II [§ 2000a]. * * *" Cong. Record—Senate, 88th Cong. 2d Sess. Vol. 110, Part 6, p. 7406. The Courts have recognized this exemption. Fazzio Real Estate Co. v. Adams, 396 F.2d 146, 150 (5th Cir. 1968); Seidenberg v. McSorley's Old Ale House, Inc., 308 F. Supp. 1253, 1256 (S.D.N.Y.1969); Tyson v. Cazes, 363 F.2d 742 (5th Cir. 1966).

That does not mean a bar could not also fall into some other category. A bar, for example, may, in fact, be an eating facility and fall within the coverage of § 2000a(b) (2) if it is principally engaged in the sale of food.

■ As already stated, in this case, it is alleged that the Northwood Bar is a "place of exhibition or entertainment" under § 2000a(b) (3). It has been stipulated by counsel that the Northwood Bar maintains a juke box, a shuffle board, and a small, coin-operated pool table and that these devices were manufactured outside the State of Florida. It is alleged that these mechanical devices bring the defendant under § 2000a(b) (3). The question herein presented is one of first impression.

Section 2000a(b) (3) makes the Act applicable to

any motion picture house, theater, concert hall, sports arena, stadium *or other place of exhibition or entertainment*. (Emphasis added.)

The general term "other place of exhibition or entertainment" has been construed by one Court to mean only places where "performances" are presented. Robertson v. Johnston, 249 F.Supp. 618 (E.D.La.1966). However, this narrow construction has been disapproved by the Fifth Circuit. Miller v. Amusement Enterprises, Inc., 394 F.2d 342 (5th Cir. 1968). In applying the Public Accommodations Section of the 1964 Civil Rights Act to an amusement park offering mechanical rides for children, an ice skating rink, and a food and beverage concession, the Fifth Circuit held that the phrase "place of entertainment" includes both establishments which present shows, performances and exhibitions to a passive audience and those establishments providing recreational or other activities for the amusement of its patrons. Miller v. Amusement Enterprises, Inc., 394 F.2d at 350. In reaching its decision the Court looked not only to the actual operations of the amusement park but also to the park's location on a major interstate artery, the fact that it advertised over radio and television, that its mechanical rides were purchased from and manufactured

outside the state, its other contacts with commerce, and that the discrimination it practiced had as its victims children of tender years. Miller v. Amusement Enterprises, Inc., 394 F.2d at 351, 353. *See also* Scott v. Young, 307 F.Supp. 1005 (E.D.Va.1969).

Shortly after the Court reached its decision in *Miller,* supra, broadly construing the terms of 42 U.S.C. § 2000a, the Fifth Circuit nevertheless recognized the holding in Cuevas v. Sdrales, 344 F.2d 1019 (10th Cir. 1965), wherein the Court found that bars are not covered by the Act. Fazzio Real Estate Co. v. Adams, 396 F.2d 146 (5th Cir. 1968). In *Fazzio,* the Court said

> It appears settled that bars, *per se,* are not covered by the Act [42 U.S.C. § 2000a] * * *.

■■ This Court is aware that the 1964 Civil Rights Act, Public Accommodations Section must be read "with open minds attuned to [its] clear and strong purpose * * * namely, to secure for all citizens the full enjoyment of *facilities described in the Act* which are open to the general public." Miller v. Amusement Enterprises, Inc., 394 F.2d at 349. However, the facility must first be one covered by the Act. The clear legislative purpose was not to include every public place as an establishment under the Act. Regardless of what this Court may think of the wisdom of the existence of exemptions to the Act, it cannot substitute its judgment for that of the Congress. Only by ignoring the plain wording of the Act and Congressional intent could this Court include a neighborhood bar, intended to be excluded, as a "place of exhibition or entertainment" because that bar maintains three coin-operated machines manufactured outside the state. To hold otherwise would, without a doubt, bring every bar within the Act and fly in the face of the plain wording, meaning, and intent of the statute. Thereupon, it is

Ordered and adjudged that a motion for summary judgment is hereby granted in defendants' favor.