452 F.2d 749
 Frank EVANS, on his own behalf and on behalf of all others
similarly situated, Plaintiff-Appellant,
v.
Lester W. SEAMAN, doing business as Les's Roller Rink, a/k/a
Leo's Roller Rink, Defendant-Appellee.
 No. 30811 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Dec. 10, 1971.
Rehearing and Rehearing En Banc Denied Feb. 3, 1972.
 
 Armand Derfner, James A. Lewis, Jackson, Miss., George M. Strickler, Jr., Debra Millenson, New Orleans, La., for plaintiff-appellant.
 W. D. Kendall, Jackson, Miss., for defendant-appellee.
 Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.
 INGRAHAM, Circuit Judge:
 
 
 1
 This is an appeal from a denial of injunctive relief under 42 U.S.C.A. Sec. 2000a.
 
 
 2
 Appellee Seaman is the owner and sole operator of a roller skating rink in Jackson, Mississippi. The rink, which is located in a part of town which is out of the way to an interstate traveler through Jackson,[1] has been operating with a continuing policy of excluding blacks from admission to the rink while otherwise admitting the public.
 
 
 3
 Seaman purchases his skates and spare parts from a firm in Alabama. Additionally Seaman owns six vending machines which he houses within the rink to provide snack foods and beverages for his patrons.
 
 
 4
 Appellant is a resident of Dallas, Texas, who while in Jackson was refused admission, as Seaman admits, on the basis of his race.[2]
 
 
 5
 The district court found that notwithstanding Seaman's exclusionary policy, his rink was not an establishment covered by Title 2 of the 1964 Civil Rights Act, 42 U.S.C.A. Sec. 2000a.
 
 
 6
 On appeal Evans asserts that the rink was a covered establishment on two alternative theories. First, he argues that the presence of vending machines dispensing products, which the district court found to come from the stream of interstate commerce, is sufficient under 42 U.S.C.A. Sec. 2000a(a), (c) to warrant the entry of an injunction. His argument is that the vending machines were installed as the sole source of refreshments for guests at the rink, and, assuming the products sold substantially affect interstate commerce, are the legal equivalent of the lunch counter, soda fountain or other facility engaged in selling food within the meaning of 42 U.S.C.A. Sec. 2000a(b) (2). The district court found that the sale of vending machine products was a substantial portion of the rink's gross revenue and that most of the products came from outside Mississippi. Appellant here argues that these findings required a conclusion that the location of the vending machines within the skating rink made the entire rink a covered establishment under 42 U.S.C.A. Sec. 2000a(b) (4). The district court, when presented this argument, however, rejected it and concluded that the machine-vended soda, ice cream and snacks were not food. While appellant's argument before this court is persuasive, it need not be decisive as his second argument leads us to the conclusion that Seaman's rink is a covered establishment.
 
 
 7
 Appellant's second argument is that the rink, assuming it otherwise meets the test of affectation of interstate commerce, 42 U.S.C.A. Sec. 2000a(c), is by its very nature a place of public accommodation falling within the ambit of 42 U.S.C.A. Sec. 2000a(b) (3), as a "place of exhibition or entertainment." The relevant portion of the statute provides:
 
 
 8
 "(a) All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.
 
 
 9
 "(b) Each of the following establishments which serves the public is a place of public accommodation within the meaning of this subchapter if its operations affect commerce, or if discrimination or segregation by it is supported by State action:
 
 
 10
 ******
 
 
 11
 * * *
 
 
 12
 "(3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment;
 
 
 13
 ******
 
 
 14
 * * *
 
 
 15
 "(c) The operations of an establishment affect commerce within the meaning of this subchapter if * * * (3) in the case of an establishment described in paragraph (3) of subsection (b) of this section, it customarily presents films, performances, athletic teams, exhibitions, or other sources of entertainment which move in commerce."
 
 
 16
 Since there is no claim or evidence that the discrimination complained of was supported by state action, our inquiry is limited to the question of whether Seaman's roller rink is a "place of . . . entertainment," which "customarily presents . . . entertainment which move[s] in commerce." The district court in its findings of fact and conclusions of law stated:
 
 
 17
 "That this establishment is more accurately characterized as a place for exercise, recreation and companionship, but not entertainment."
 
 
 18
 In Miller v. Amusement Enterprises, Inc., 394 F.2d 342 (5th Cir., 1968), this court considered the phrase "place of entertainment" as used in the statute. The court found that the phrase "includes both establishments which present shows, performances and exhibitions to a passive audience and those establishments which provide recreational or other activities for the amusement or enjoyment of its patrons."
 
 
 19
 After this court's en banc decision in Miller, supra, the Supreme Court in Daniel v. Paul, 395 U.S. 298, 89 S.Ct. 1697, 23 L.Ed.2d 318 (1968), specifically approved the reading this circuit has given 42 U.S.C.A. Sec. 2000a(b) (3), stating:
 
 
 20
 "That statutory language 'place of entertainment' should be given full effect according to its generally accepted meaning and applied to recreational areas."
 
 
 21
 In the case at bar the district court characterized the roller rink as a place of recreation. The remaining question, therefore, is whether the operations of Seaman's roller rink "affect commerce" within the meaning of Sec. 2000a(c) (3). We conclude that they do. The rink is not entertaining by itself. Rather its source of entertainment is the use of roller skates upon its surface. Those roller skates and the replacement parts for them were purchased from an Alabama company. The skates, therefore, constitute the "sources of entertainment [which] move in commerce."
 
 
 22
 The order and judgment of the district court are reversed and remanded for entry of an order which will effectuate the policies of the Civil Rights Act of 1964. On remand the trial judge is to determine and grant reasonable attorney's fees as are warranted unless special circumstances would render such an award unjust. Newman v. Piggie Park Enterprises, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968); Miller v. Amusement Enterprises, Inc., 426 F.2d 534 (5th Cir., 1970).
 
 
 23
 Reversed and remanded.
 
 
 24
 ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC
 
 PER CURIAM:
 
 25
 The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.
 
 
 
 *
 Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409
 
 
 [1]
 The district court, in its order referring to Seaman's rink, stated:
 "It is a very small, privately owned business, with a very small and select patronage in an obscure and out of the way location in Jackson on a secondary thoroughfare, which is so far removed from any artery of commerce as to have no substantial relation thereto."
 
 
 [2]
 On two occasions appellant Evans and others, all of whom are black, appeared at Seaman's rink. On both occasions they were refused admission. The appellee has stated that he has never admitted any blacks to his establishment and that he has always turned them away. If Seaman's rink is a place of public accommodation covered by Title 2 of the 1964 Civil Rights Act, 42 U.S.C.A. Sec. 2000a, et seq., then these facts are sufficient to invoke the protection of the Civil Rights Act. Cf. Heart of Atlanta Motel, Inc. v. United States, 379 U.S. 241, 85 S.Ct. 348, 13 L.Ed.2d 258 (1964)