**UNITED STATES of America, Plaintiff,**

**v.**

**Ben L. DEETJEN and Mary F. Deetjen, d/b/a St. Lucie Inn, Defendants.**

**Civ. No. 72–1299.**

United States District Court, S. D. Florida.

Jan. 5, 1973.

Amendment Order and Final Decree Feb. 15, 1973.

Richard G. Kleindienst, Atty. Gen. of the United States, Washington, D. C., David L. Norman, Asst. Atty. Gen., Robert W. Rust, U. S. Atty., S. D. of Florida, Gerald W. Jones, and Barry H.

Weinberg, Attys., Dept. of Justice, Washington, D. C., for the United States.

Robert J. Randolph, Stuart, Fla., for defendants.

## MEMORANDUM OPINION

ATKINS, District Judge.

The question for decision is whether the St. Lucie Inn, a bar in Fort Pierce, Florida, is a "place of entertainment" within the meaning of § 2000a(b)(3) of 42 U.S.C., because located within the establishment are a piano, juke box and color TV, which are a source of entertainment for its customers. If it is a place of entertainment, and therefore a place of public accommodation, racial discrimination therein must be enjoined pursuant to the Civil Rights Act of 1964 and the relief sought by the plaintiff must be granted.

That the defendants practice racial discrimination against Negro customers was not affirmatively disputed. In the operation of the St. Lucie Inn the defendants have refused to provide service to Negroes in the cocktail lounge of the St. Lucie Inn. Such refusals have been regular occurrences. They were based upon the defendants' policy to exclude Negroes from that portion of the Inn. As if to emphasize their discrimination, defendants frequently served Negroes as customers of the package store portion of the Inn. When refused service in the lounge, Negroes have been referred to the package store section. On occasion employees have offered to serve a Negro a mixed drink in a paper cup through the drive-in window of the package store.

■ The only genuine issue then, is whether the St. Lucie Inn is covered by Title II of the Civil Rights Act. The parties stipulated that the piano, juke box, and TV located in the Inn were manufactured in states other than Florida and that the alcoholic beverages served originated outside Florida. Clearly, then, the operations of the St. Lucie Inn "affect commerce" within the meaning of § 2000a(c)(3). Evans v. Seaman, 452 F.2d 749 (5th Cir. 1971).

A host of earlier decisions concluded that bars were not covered by the Act.[1] These involved, however, unsuccessful attempts to extend the restaurant provisions of § 2000a(b)(2) to bars. Only recently has the Justice Department begun to contend that bars are "places of entertainment" within the coverage of the Act. This expansive contention has received a mixed reception. In United States v. Martin-Eric, Inc., Case No. 72C142 (N.D.Ill.1972), O'Leary's, a bar in the Rush Street-Division Street area of Chicago (termed a "major entertainment area" by the district court), was found to be a place of entertainment. In United States v. DeRosier, 332 F. Supp. 316 (S.D.Fla.1971), "a small neighborhood bar with a customer capacity of no more than forty," was found not to be a place of entertainment.

It would be futile perhaps to attempt a reconciliation of the O'Leary's case and *DeRosier* based solely on the indicia of a place of entertainment found within each. O'Leary's provided its patrons with a juke box, coin-operated bowling machine, and dartboard. The Northwood Bar, in *DeRosier*, featured, in addition to liquor, a juke box, coin-operated shuffleboard game, and coin-operated pool table. The distinction, if any, lies in the type of facility and the nature of its patrons. Neither the Northwood Bar nor the St. Lucie Inn is in a major entertainment area. Neither is comparable to O'Leary's in size. They are, first and foremost, bars.

1. Fazzio Real Estate Co. v. Adams, 396 F.2d 146 (5th Cir. 1968); Tyson v. Cazes, 363 F.2d 742 (5th Cir. 1966); Cuevas v. Sdrales, 344 F.2d 1019 (10th Cir. 1965), cert. denied, 382 U.S. 1014, 86 S. Ct. 625, 15 L.Ed.2d 528 (1966); Seidenberg v. McSorley's Old Ale House, Inc., 308 F.Supp. 1253 (S.D.N.Y.1969).

The district court, in *DeRosier, supra,* had before it facts strikingly similar to those here. That court stated:

> Bars, per se, are not covered by the Public Accommodations Section of the 1964 Civil Rights Act, 42 U.S.C. § 2000a. Cuevas v. Sdrales, 344 F.2d 1019 (10th Cir. 1965), cert. denied 382 U.S. 1014, 86 S.Ct. 625, 15 L.Ed.2d 528 (1966). They are not specifically mentioned establishments, in contrast to restaurants or hotels or motion picture houses, and apparently Congress did not intend to include them. According to Senator Magnuson, Chairman of the Senate Committee for Commerce, to which the 1964 Civil Rights Act, Public Accommodations Section, was referred for hearings, "a bar, in the strict sense of that word, would not be governed by Title II [§ 2000a]. * * *" Cong.Record—Senate, 88th Cong.2d Sess. Vol. 110 Part 6, p. 7406.

United States v. DeRosier, *supra,* at 318

> Only by ignoring the plain wording of the Act and Congressional intent could this Court include a neighborhood bar, intended to be excluded, as a "place of exhibition or entertainment" because that bar maintains three coin-operated machines manufactured outside the state. To hold otherwise would, without a doubt, bring every bar within the Act, and fly in the face of the plain wording, meaning, and intent of the statute.

*Id.* at 319. Indeed, plaintiff's counsel conceded during argument that almost all bars have some such diversions to amuse those engaged in the primary activity of consuming alcoholic beverages. Adoption of plaintiff's argument would thus bring virtually all bars within the confines of the Act, contrary to the legislative intent.

In contrast to their present method of operation, the defendants prior to 1967 employed entertainers to perform at the St. Lucie Inn using a microphone, an organ, and the piano in their performances. Now customers operate the juke box by inserting coins into the machine and selecting the phonograph record to be employed. Although the Inn might formerly have been considered a nightclub, it can no longer be so categorized.[2]

The Government contends that the mechanical devices, instruments and beverages are sources of entertainment and therefore the St. Lucie Inn is a "place of entertainment" within the meaning of Title II of the Civil Rights Act of 1964. I cannot assent to that argument. To do so is plainly to ignore the legislative history of the Act and the language of Congress. In substance, the Government urges that every bar, since it serves alcoholic beverages and affords a presumed conviviality among its customers, is a place of entertainment. Admittedly, if the establishment reaches the night club level or serves food, it moves into a different class which Congress intended to include. This then becomes the primary nature of the establishment and it no longer is a bar "in the strict sense of the word" as Senator Magnuson stated.[3]

2. The courts have been consistent in applying the legislatively mandated distinction between nightclubs and bars. Nightclubs, unlike bars, are within the ambit of the Act, even though they serve liquor. *See, e. g.,* Cuevas v. Sdrales, *supra;* Robertson v. Johnston, 249 F.Supp. 618 (E.D.La. 1966), rev'd on other grounds, 376 F.2d 43 (5th Cir. 1967) (small band and singing group often performed).

3. I am conscious of and in full sympathy with the Supreme Court mandate that the statutory language "place of entertainment" should be given its full effect according to its generally accepted meaning. Daniel v. Paul, 395 U.S. 298, 89 S. Ct. 1697, 23 L.Ed.2d 318 (1968). However, the parameters fixed by Congress in the Public Accommodations Section of the Civil Rights Act of 1964 must be respected. If gasoline stations and stadiums can be specified, as they were, it would have been a simple matter for Congress to have included "bars" within the ambit of the Act. Any reclassification of an establishment with such a negligible relationship to entertainment as the St. Lucie Inn as a "place of entertainment" should be left for Congressional action.

This memorandum opinion is filed in lieu of findings of fact and conclusions of law pursuant to Rule 52(a) F.R.Civ. P.

Judgment will be entered dismissing the complaint.

## ORDER AMENDING JANUARY 4, 1973 MEMORANDUM OPINION

This cause is before the Court on Plaintiff's motion, pursuant to Rule 59 (e), F.R.Civ.P., for amendment of the judgment entered on January 18, 1973. The Court has considered the motion and memoranda submitted.

In a memorandum opinion entered January 4, 1973, this Court ruled that the relief sought by the government was inappropriate, despite the discrimination engaged in by the defendants, only because the St. Lucie Inn was not covered by 42 U.S.C. § 2000a(b)(3). On January 12, 1973, the United States Court of Appeals for the Fifth Circuit handed down its opinion in United States v. DeRosier, 473 F.2d 749 (5th Cir. 1973). In reversing the lower court's summary disposition of the coverage question, the majority of the Fifth Circuit panel left no doubt concerning the applicability of the Public Accommodations Section of the 1964 Civil Rights Act to bars such as the St. Lucie Inn. The majority concluded that "a 'neighborhood bar', which derives a small portion of its total business from mechanical amusement devices which have moved in interstate commerce is a 'place of entertainment' within the meaning of Title II. . . ." United States v. DeRosier, *supra*, at 750.

Although the appellate court was divided on the coverage question, an en banc determination was not sought. The panel opinion is therefore the law of this circuit and must be followed.

Accordingly, it is ordered and adjudged that the Memorandum Opinion previously entered in this cause is, to the extent that it is inconsistent with the views expressed herein on the question of coverage, vacated and set aside. The final judgment entered in this cause on January 18, 1973 is also vacated and set aside. The Court is of the opinion that the plaintiff is entitled to the relief sought in its complaint. An appropriate decree will be entered forthwith.

## FINAL DECREE

Upon consideration of the evidence presented at the trial of this cause and the pleadings and stipulation submitted, and the Court having entered its memorandum opinion and amendment thereto,

It is ordered, adjudged and decreed that the defendants Ben L. Deetjen and Mary F. Deetjen, their agents, employees, successors in interest, and all those in active concert or participation with them, are hereby enjoined from:

(a) Failing or refusing to admit Negroes to the premises of the St. Lucie Inn upon the same basis and under the same conditions as white members of the general public are admitted;

(b) Failing or refusing to allow Negro patrons fully to participate in all activities and avail themselves of all facilities available within the St. Lucie Inn without discrimination, segregation or intimidation on grounds of race or color;

(c) Failing or refusing to insure that all the goods, services, facilities, privileges, advantages and accommodations offered at the St. Lucie Inn will be made available to, and used by, Negro and white patrons on the same basis and under the same conditions;

(d) Engaging in any act or practice which deprives, directly or indirectly, any person of the full and equal enjoyment, without discrimination on the basis of race or color, of the goods, services, facilities, privileges, advantages and accommodations of the St. Lucie Inn.

It is further ordered that the defendants shall cause to be posted, within three days following the entry and service of this Order, and shall keep posted, at all entrances to the St. Lucie Inn at

eye level and in one inch block letters, a sign which reads, "WE SERVE ALL PERSONS REGARDLESS OF RACE OR COLOR INSIDE THE INN." A similar sign shall be posted within the package store, or at the package store drive-in window, whichever is more clearly visible to all customers of the package store.

Each side shall bear its own costs.

This Court retains jurisdiction of this cause for the purpose of issuing any additional orders as may be necessary or appropriate to modify or enforce this decree.