**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Pasquale DEYORIO d/b/a Hub Bar and Package Store, Defendant-Appellee.**

**No. 72–2240**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Feb. 20, 1973.

---

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Taking the allegations in plaintiff's complaint as true, as is the rule, Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1955), the United States has stated an actionable complaint against the Hub Bar & Package Store. It remains for ultimate determination whether the Hub Bar affects interstate commerce within the meaning of 42 U.S.C. § 2000a(c)(3). Cf. Evans v. Seaman, 452 F.2d 749 (5th Cir., 1972).

The judgment of the district court is reversed and remanded for trial upon the merits of the case.

Jose M. RODRIGUEZ, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 72–3330.

United States Court of Appeals, Fifth Circuit.

Feb. 12, 1973.

John L. Biggs, U. S. Atty., Jacksonville, Fla., Gerald W. Jones, Peter Mear, Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Michael L. Kinney, St. Petersburg, Fla., for defendant-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

Like United States v. DeRosier, 473 F.2d 749 (5th Cir., 1973), the question involved on this appeal is whether the Hub Bar and Package Store is a "place of entertainment" within the meaning of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a et seq., by virtue of the business revenue derived from certain mechanical amusement devices located on its premises.

The district court relying on the district court's decision in United States v. DeRosier, 332 F.Supp. 316 (S.D.Fla., 1971), dismissed the complaint of the United States. We reverse for the reasons stated in our reversal of DeRosier, supra.