**Reuben V. ANDERSON et al., etc.,**
**Plaintiffs-Appellants,**

v.

**PASS CHRISTIAN ISLES GOLF CLUB,**
**INC., and its manager, Lee Knight,**
**Defendants-Appellees.**

No. 73-2625
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 25, 1974.

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Melvyn R. Leventhal, Theodore J. Lawyer, Jackson, Miss., Jack Greenberg, New York City, for plaintiffs-appellants.

Walter J. Phillips, Bay St. Louis, Miss., George E. Morse, Gulfport, Miss., for defendants-appellees.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

GOLDBERG, Circuit Judge.

Plaintiffs, four black residents of Jackson, Mississippi, brought this class action in district court challenging the allegedly discriminatory membership and admission policies of defendant Pass Christian Isles Golf Club. They contended that defendant's practices violated 42 U.S.C. § 2000a (Title II of the Civil Rights Act of 1964) and 42 U.S.C. §§ 1981–1982, and sought declaratory and injunctive relief in addition to compensatory and punitive damages. The United States District Court for the Southern District of Mississippi granted compensatory damages and certain declaratory relief, but refused to issue an injunction or to award attorneys' fees. Plaintiffs appeal from these denials. We reverse.

The original complaint challenged defendant's practices both in granting membership in the club and in permitting access to the golf course and related facilities. On this appeal, however, plaintiffs recognize that, having failed to apply for club membership, they have no standing to complain of defendant's criteria for granting it, Moose Lodge 107 v. Irvis, 1972, 407 U.S. 163, 166–167, 92 S.Ct. 1965, 32 L.Ed.2d 627. Appellants therefore seek injunctive relief directed solely at the club's policies in controlling use of the golf course. An answer to this request must be based on the resolution of three distinct questions: (1) whether defendant golf club discriminates on the basis of race in permitting individuals to use the course; (2) whether the policies and practices of the Pass Christian Isles Golf Club are insulated from court review by the "private club" exception in Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a(e); and (3) whether the declaratory order entered below is sufficient to protect plaintiffs' legitimate interests.

This action arises out of a brief confrontation on the grounds of defendant's golf course on February 27, 1972. The facts are not in dispute. Plaintiffs had purchased a two day "Golfers' Holiday" under the auspices of the Downtowner Motor Inn of Gulfport, Mississippi. This vacation package provided motel accommodations and access to local golf courses upon payment of a flat rate which included green fees. Defendant's golf course was part of the itinerary as the result of a business arrangement between the motel and the club. Under the working agreement, the motel manager became a club member and all of his customers were then entitled to play as his "guests." When plaintiffs arrived at the course, however, they were met and turned away by the club pro, Mr. Leland Knight, who informed them that blacks were not permitted to play at the course. At trial Mr. Knight testi-

fied that he had been informed by the board of governors of a club policy of excluding blacks, and had acted pursuant to that rule in denying access to plaintiffs.

█ Though the findings of the district court were not entirely responsive to all of the allegations made by plaintiffs, the trial judge evidently found that defendant did not have a policy of excluding blacks from use of club facilities at the time of the incident in question. The evidence in the record does not support this conclusion. Given the unchallenged testimony of three of the named plaintiffs that they were rejected because of their race, and the evidence of defendant's own employee that this step was taken pursuant to authoritative instructions from the board of governors, the defendant could not properly prevail below on the basis of nothing more than the statement of its current president that he was unaware of any such policy. Plaintiffs presented a prima facie case of racial discrimination, and defendant failed to produce any significant evidence in rebuttal. *Cf.* Bing v. Roadway Express, Inc., 5 Cir. 1971, 444 F.2d 687.

█ The parties agree that the Pass Christian Isles Golf Club is a place of entertainment affecting commerce and that it consequently falls within the free access provisions of 42 U.S.C. § 2000a, unless the private club exemption is applicable. *See* Daniel v. Paul, 1969, 395 U.S. 298, 89 S.Ct. 1697, 23 L.Ed.2d 318; Miller v. Amusement Enterprises, Inc., 5 Cir. 1968, 394 F.2d 342 (en banc); Evans v. Seaman, 5 Cir. 1972, 452 F.2d 749, cert. denied, 408 U.S. 924, 92 S.Ct. 2493, 33 L.Ed.2d 335. Defendant had the burden in the proceedings below of demonstrating its truly "private" character. United States v. Richberg, 5 Cir. 1968, 398 F.2d 523, 529. Although the district judge concluded at the close of trial that defendant had successfully carried this burden, that conclusion is clearly erroneous on the basis of the record before us.

Even defendant concedes in its argument to this Court that the arrangements made with several local hotels for use of the course by their patrons are sufficient, as a matter of law, to destroy full "private" club status, and that it is therefore required by the Civil Rights Act to accept all hotel patrons referred under such agreements without regard to race. In addition, the record discloses that defendant holds its golf course and related facilities out to the public in return for the payment of green fees, that such fees are quoted over the phone by defendant's employees without inquiry into the caller's membership or hotel patronage, and that defendant's course is regularly listed in tourist publications. The only response to this evidence was the testimony of defendant's president that he is unaware of the club's current practice with regard to public use of the course. This response was insufficient to support the finding that the golf course is not open to the public.

Flowing as it does from an erroneous view of the factual situation, the declaratory relief entered below is entirely inadequate to protect the legitimate interests of plaintiffs and others similarly situated. The district court's judgment provides that:

> Any guest, whether or not accompanied by a member of the club, who is invited as a guest to play on the golf course of the defendant club, has a vested right to exercise such privilege regardless of his race, so long as a member is responsible to the club for his conduct.

We can only assume that the above statement was intended to respond to the rights of hotel patrons, under the general contract law and the Civil Rights Act, as a result of the agreements between the local hotels and the club. However, the declaratory order creates barriers to free access that are not found in anyone's description of the working arrangement between defendant and the local resorts. It is clear beyond room for rational dispute that the hotel

managers, who are formal "members" of the club, do not accept responsibility for the conduct of their paying guests and are not expected to do so. More importantly, the declaratory judgment entirely neglects the interests of the general public, who are entitled to colorblind access under 42 U.S.C. § 2000a.

 In light of defendant's apparent lack of candor regarding both racial discrimination and public access, and the repeated indications of the management's uncertainty concerning the day to day operations of the club, it is our judgment that future violations of the law can be effectively deterred only through the issuance of an injunction. *See* United States v. Richberg, *supra*, 398 F.2d at 530–531. Such injunctive relief must provide that, so long as defendant continues to make its golf course and related facilities available to local hotel patrons and other members of the general public, no distinctions are to be made on the basis of race in granting such access.

On remand plaintiffs are also to be afforded the opportunity to present evidence on attorneys' fees. Title II of the Civil Rights Act of 1964 provides that the prevailing party is entitled to reasonable attorneys' fees in the court's discretion; and the decision of the United States Supreme Court in Newman v. Piggie Park Enterprises, 1968, 390 U.S. 400, 88 S.Ct. 964, 19 L. Ed.2d 1263, makes it clear that, when the plaintiff has succeeded in obtaining injunctive relief, a denial of attorneys' fees can be justified only if "special circumstances would render such an award unjust." 390 U.S. at 402. *See also* Miller v. Amusement Enterprises, Inc., 5 Cir. 1970, 426 F.2d 534. Defendant contends that fees should be denied here because plaintiffs' counsel is associated in legal practice with one of his four clients. We fail to see how the existence of an independent business relationship between an attorney and one of his clients in a civil rights action has any bearing on the justice of the payment of attorneys' fees. Such fees are awarded in order to "ensure that individual litigants are willing to act as 'private attorneys general' . . .," Lee v. Southern Home Sites Corp., 5 Cir. 1971, 444 F.2d 143, 148. That policy objective remains operative regardless of the professional status of the particular plaintiff. Under the circumstances of this case the award of attorneys' fees would not be unjust, and consequently the denial was an abuse of discretion. In reconsidering the matter of attorneys' fees on remand, the district court should include in its calculations the time spent in the prosecution of this appeal.

To affirm the trial court here would mock the Civil Rights Act of 1964, which is not a mere concatenation of dead words, but a positive declaration of rights—a Twentieth Century Magna Carta. Hopefully, we need not experience another Runnymede in 1974 for it to have vitality. The Civil Rights Act of 1964 is not an enactment on parchment to be placed under glass and venerated but not observed.

Reversed and remanded.