Frank **EVANS**, on behalf of himself and all others similarly situated, Plaintiff-Appellant,

v.

Lester W. **SEAMAN**, d/b/a Les's Roller Rink a/k/a Leo's Roller Rink, Defendant-Appellee.

No. 73-2658.

United States Court of Appeals, Fifth Circuit.

July 12, 1974.

George M. Strickler, Jr., New Orleans, La., Nausead Stewart, Jackson, Miss., Armand Derfner, Lawyers Committee for Civ. Rights Under Law, Washington, D. C., for plaintiff-appellant.

W. D. Kendall, Jackson, Miss., for defendant-appellee.

Before TUTTLE, COLEMAN and AINSWORTH, Circuit Judges.

PER CURIAM:

In its present posture, this appeal is concerned solely with the amount of the attorney's fees awarded a successful plaintiff in a suit prosecuted under Title II of the 1964 Civil Rights Act, 42 U.S. C., § 2000a. On the prior appeal, Evans v. Seaman, 5 Cir., 1972, 452 F.2d 749, cert. denied, 408 U.S. 924, 92 S.Ct. 2493, 33 L.Ed.2d 335, we directed:

> "On remand the trial judge is to determine and grant reasonable attorney's fees as are warranted unless special circumstances would render such an award unjust. Newman v. Piggie Park Enterprises, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1938); Miller v. Amusement Enterprises, Inc., 426 F.2d 534 (5th Cir., 1970)."

On remand, the District Court held that attorney's fees should be awarded and there is no appeal from that action. The problem is that the plaintiff is dissatisfied with the amount of the award and has appealed on that issue alone. Fees in the amount of $4,620 were claimed, and the sum of $1,750 was awarded.

At the hearing on the subject in the District Court, counsel for the defendant announced that he would "take no issue with the amount of attorney's fees and time spent". He did seek unsuccessfully to introduce evidence as to the defendant's ability to pay and to develop the "injustice" of granting a full award.

The Court then announced that it would "fix a reasonable attorney's fee *under the circumstances in this case* (emphasis ours) at $1,750".

The difficulty with this appeal is that the District Court decided this matter on June 4, 1973 and thus neither the parties nor the Court had the benefit of our opinion in Johnson v. Georgia Highway Express, Inc., decided January 21, 1974, 488 F.2d 714. *Johnson* laid down the principle that the factors upon which the size of an attorney's fee is based must be elucidated. Moreover, the decision illuminated the guidelines to be considered in such cases.

We intimate no views as to adequacy or inadequacy of the award now before us, but in view of the foregoing, we vacate the judgment of the District Court and remand for further consideration in the light of Johnson v. Georgia Highway Express, Inc., *supra*.

Vacated and remanded.