**James T. RYALS, John A. Fowler and Robert Pietrosewicz, individually and on behalf of all others similarly situated as members and prospective members of the Mobile Greyhound Park/Azalea City Racing Club Mutuals Department Union, an unincorporated Association, and said Association, Plaintiffs,**

v.

**AZALEA CITY RACING CLUB, INC., a corporation, Defendant.**

**Civ. A. No. 77–493–H.**

United States District Court, S. D. Alabama, S. D.

Nov. 7, 1977.

George W. Oglesby, Lee R. Butcher, Mobile, Ala., for plaintiffs.

Willis C. Darby, Jr., and John Richard Carrigan, Mobile, Ala., for defendant.

### ORDER

HAND, District Judge.

■ On November 7, 1977 this Court entered summary judgment in favor of Azalea City Racing Club, Inc. on the merits of the above-styled civil action, ruling that "the defendant  .  .  .  recover of the plaintiffs James T. Ryals, John A. Fowler, Robert Pietrosewicz, and the Mobile Greyhound Park/Azalea City Racing Mutuals Department Union its costs of action."  Prior to such judgment, on October 21, 1977, the defendant filed a motion for an attorney's fee award, apparently pursuant to Title 42, U.S.C.A., § 1988, as amended by *Public Law 94–559*, 90 Stat. 2641 (Act of October 19, 1976).  The plaintiffs contend that the defendant is required to show bad faith on the part of the plaintiff in bringing the suit, and seeks to distinguish *United States v. Allegheny-Ludlum Industries, Inc.*, 558 F.2d 742 (5th Cir. 1977), on the ground that *Allegheny-Ludlum* was a civil rights action pursuant to Title VII of the Civil Rights Act of 1964, while the instant action arises

under the Civil Rights Act of 1871, and thus is not entitled to the same attorney's fees award provisions. This Court finds the language in *Allegheny-Ludlum* compelling, and rejects the plaintiffs' attempted distinction. Compare Title 42, U.S.C.A., § 1988 with Title 42, U.S.C.A., § 2000e–5(k). The specific language in the legislative history of § 1988, S.Rep.No. 94–1011, *Public Law 94–559*, 90 Stat. 2641, *reprinted in* 1976 United States Code Congressional and Administrative News 5908, 5912, provides that "It is intended that the standards for awarding fees be generally the same as under the fee provisions of the 1964 Civil Rights Act." In view of this language, the Court finds the position taken by the plaintiffs to be without merit. In view of this, and having considered the record in this case and acknowledging that the defendant is the prevailing party therein, the Court is of the opinion that the motion for the award of attorney's fees is due to be and the same is hereby GRANTED.

▆▆▆ The defendants requests an award of $10,189.00 based on the following breakdown of hours worked and rates charged:

| | Hours | Rate | |
|---|---|---|---|
| Willis C. Darby, Jr. | 52.1 | $75.00 | $ 3,907.50 |
| John Richard Carrigan | 70.9 | 35.00 | 2,481.50 |
| Paul D. Myrick | 150.0 | 25.00 | 3,800.00 |
| | 275.0 | | $10,189.00 |

(Defendant's supplemental memorandum in support of motion for award of attorney's fees at 8, n. 2). Beyond the fees charged the defendant claims attorney-related expenses of $453.45 (legal services bill of Darby & Carrigan, P. C., to Azalea City Racing Club, Inc. at pp. 1–2). The defendant Azalea City Racing Club, Inc. was charged a total of $10,642.45 by Darby & Carrigan, P. C., for services rendered with respect to this lawsuit, but the file does not reflect whether this bill has yet been satisfied by the defendant.

Before the Court allows a discretionary award pursuant to § 1988, it is required that certain Findings be entered in the record pursuant to the Fifth Circuit guidelines set down in *Johnson v. Georgia Highway Express Company*, 488 F.2d 714, 717–19 (5th Cir. 1974). *Matter of First Colonial Corp.*

*of America*, 544 F.2d 1291 (5th Cir. 1977); *Ward v. Kelly*, 515 F.2d 908 (5th Cir. 1975); *Mims v. Wilson*, 514 F.2d 106 (5th Cir. 1975); *Evans v. Seaman*, 496 F.2d 1318 (5th Cir. 1974); *Baxter v. Savannah Sugar Refining Corp.*, 495 F.2d 437 (5th Cir. 1974); *Fairley v. Patterson*, 493 F.2d 598 (5th Cir. 1974).

Considering the record in this case and the Court's own participation in such case on three separate occasions, the Court makes the following Findings with respect to the *Johnson* guidelines:

1. Attorneys for the defendant spent 275 hours in the preparation and actual conduct of this litigation (affidavits of Willis C. Darby, Paul D. Myrick, and John Richard Carrigan). The affidavits of defense counsel are uncontroverted. The Court is of the opinion that, considering the nature of the litigation, such expenditure of time and labor is not unreasonable.

2. The case involved many difficult questions of law arising under Title 42, U.S.C.A., §§ 1983 and 1985(3), dealing with issues of state action in civil rights conspiracy. While these are not novel questions of law, they exist in a rapidly changing area of the law that requires extensive research. Counsel for defendant was also confronted with consideration of the Norris-LaGuardia Act and the National Labor Relations Act, although the Court never reached these issues on the merits, which required other diverse research.

3. With regard to the skill requisite to properly perform the legal services required, the Court, considering the nature of the case, finds that a great degree of legal skill was required to deal with the Constitutional and labor issues confronted by the defendant.

4. No other business was foreclosed by the handling of this lawsuit, but the suit did require defense counsel to expedite or delay other work (Carrigan affidavit, p. 4).

5. The customary fees of defense counsel are $75.00 per hour for Willis C. Darby, Jr., $35.00 per hour for John Richard Carrigan, and $25.00 per hour for Paul D. Myrick

(supplemental memorandum in support of motion for attorney fees award, p. 8 n. 2).

6. The defense fee in this matter was fixed based on the hours worked (Carrigan affidavit, p. 4).

7. The defendant requested expeditious handling of the matter, which, along with the preliminary injunction requested by the plaintiffs, compelled rapid performance on this matter (Carrigan affidavit, p. 4).

8. With regard to the results obtained, if the plaintiffs had prevailed on the merits the defendant would have been compelled to recognize the plaintiff union and would have been restrained from interfering with the union's operations in connection with the defendant's business. The Court takes judicial notice of the vast changes that may arise in employer-employee relations after recognition of a union, and finds that defendant's counsel succeeded in preserving important rights for the defendant. Further, defendant counsel succeeded in avoiding possible backpay liability to plaintiff Ryals, since the plaintiff's success on the merits would probably have dictated reinstatement for this plaintiff.

9. Insofar as the experience, reputation, and ability of the attorneys are concerned, it is uncontroverted that Willis C. Darby, Jr. holds an LLB degree from Harvard Law School and has been admitted to the practice of law in the State of Alabama since 1948 (Darby affidavit, p. 1); that John Richard Carrigan holds a JD degree from Harvard Law School and has been admitted to the practice of law in Alabama since 1974 (Carrigan affidavit, p. 1); and that Paul D. Myrick holds a JD degree from the University of Alabama School of Law and has been admitted to the practice of law in Alabama since 1976 (Myrick affidavit, p. 3). There has been no allegation that the reputation of the law firm of Darby & Carrigan, P. C. is anything other than good, and the Court finds that the reputation, experience, and ability of defendant's counsel in this matter must be characterized as excellent.

10. With regard to the undesirability of the case, the defendant's counsel has opined that this is not an issue since there are no known adverse consequences stemming from representation of Azalea (Carrigan affidavit, p. 5).

11. The defense counsel has represented Azalea in matters relating to employment since 1974 (Darby affidavit, p. 2). It is alleged that the fee requested is "the regular fee . . . in an action such as this" to a regular client such as Azalea (Carrigan affidavit, p. 6).

12. The defendant's counsel has cited several cases in support of the motion for award of attorney's fees with respect to awards in similar cases (supplemental memorandum in support of motion for award of attorney's fees, p. 10). Each of the cases cited is drawn from the Fair Employment Practice Reports, which is not in the library of this Court. However, the Court is not without authority on this matter. In making the award set below, the Court has specifically considered *Wolf v. Frank*, 555 F.2d 1213 (5th Cir. 1977), in which an attorney fee award of $259,611.50 was upheld and ordered enhanced on appeal; *Rainey v. Jackson*, 551 F.2d 672 (5th Cir. 1977), in which the Court of Appeals awarded counsel fees of $11,182.50, stating that $35.00 per hour was the "minimum" on the uncontroverted facts in that case; in this Court's own award in *Bertie Mae Davis, et al. v. Board of School Commissioners of Mobile County*, Civil Action No. 3003–63 (S.D.Ala. 1976), where an attorney fee award of $38,-000.00 was upheld by the Fifth Circuit on appeal, 526 F.2d 865 (5th Cir. 1976).

Having considered the foregoing facts relevant to attorney fee awards, the Court is of the opinion that a fair and reasonable fee in this matter is $7,500.00, excluding costs of action. Therefore, it is

ORDERED, ADJUDGED and DECREED that the defendant recover of the plaintiffs the sum of $7,500.00 over and above their cost of action as attorney's fees in this matter.

It is further ORDERED, however, that the costs of daily court reporter transcripts are due to be and the same are hereby taxed to the defendant, there having been

no showing of a compelling need for such transcripts during the conduct of this litigation.