**Carl B. KOON, Plaintiff,**

v.

**James R. METTS et al., Defendants.**

**Civ. A. No. 76–1040.**

United States District Court,
D. South Carolina,
Columbia Division.

June 16, 1978.

John Earl Duncan, Lexington, S. C., and Jean L. Perrin, Columbia, S. C., for plaintiff.

Wilburn Brewer, Jr., Samuel F. Painter, of Nexsen, Pruet, Jacobs & Pollard, Columbia, S. C., and Joseph R. Barker, Deputy Atty. Gen., Columbia, S. C., for defendants.

## ORDER ON DEFENDANTS' MOTION FOR ATTORNEYS' FEES

HEMPHILL, District Judge.

Counsel for defendants, by motion filed May 2, 1978, seek attorneys' fees in this action, pursuant to 42 U.S.C. § 1988.[1] In support of this motion, they have filed an affidavit of Samuel F. Painter, Esquire, counsel for defendants, setting up attor-

---

1. 42 U.S.C. § 1988 provides: Proceedings in vindication of civil rights

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this chapter and Title 18, for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty. In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

neys' fees, on an hourly rate, a total of $4,502.50, which is supported by a chronological narrative of the work which was done in connection with the defense of the case. Plaintiff's counsel has filed a memorandum in opposition, citing the legislative history and *Christiansburg Garment Company v. Equal Employment Opportunity Commission,* 434 U.S. 492, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) which states, in part:

In applying these criteria, it is important that a District Court resist the understandable temptation to engage in *post-hoc* reasoning by concluding that, because a Plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most air-tight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the mist of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit. 98 S.Ct. 700.

This court has carefully examined the record in this case, including the entire file, the court's trial notes and personal recollection of the trial, the depositions which were taken in the cause, as well as other discovery, for the purpose of refreshment. This court is mindful of the fact that Congress would have plaintiff, in civil rights cases, preferred in the awarding of attorneys' fees, in order to encourage the litigation.[2] This court has examined the legislative history as reported in United States Code Congressional and Administrative News, 94th Cong. 2nd Sess. 1976, wherein it is reported at page 5908 of Senate Report No. 94–1011[3]. The legislative history states that:

Such "private attorneys general" should not be deterred from bringing good faith actions to vindicate the fundamental rights here involved by the prospect of having to pay their opponent's counsel fees should they loose. *Richardson v. Hotel Corporation of America,* 332 F.Supp. 519 (E.D.La.1971), affirmed, 468 F.2d 951 (5th Cir. 1972). (A fee award to a defendant's employer was held unjustified where a claim of racial discrimination, though meritless, was made in good faith.) Such a party, if unsuccessful could be assessed his opponent's fee only where it is shown that his suit was clearly frivolous, vexatious or brought for harassment purposes. *United States Steel Corporation v. United States,* 385 F.Supp. 346 (W.D.Pa.1974), affirmed 9 E.P.D. ¶ 10225 (3rd Cir. 1975). This bill thus deters frivolous suits by authorizing an award of attorney's fees against a party shown to have litigated in "bad faith" under the guides of attempting to enforce a Federal Rights created by the statutes listed in S. 2278.

Senate Report No. 94–1011 (June 29, 1976), 1976 U.S.Code Cong. & Admin. News at P. 5912.

The Supreme Court in *Christiansburg, supra,* reiterated this viewpoint in dictum, stating:

[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable or groundless, or that the plaintiff continued to litigate after it clearly became so. And, needless to say, if a plaintiff is found to have brought or continued such claim in *bad faith,* there will

---

2. Apparently counsel for the committees in Congress had never examined 42 U.S.C. § 1988 and the thousands of annotations listed thereunder indicating that there had been a plethora of encouragement of civil rights litigation, and the harassment of law enforcement in this supposedly civilized land is unparalleled in the history of modern civilization.

3. The Senate Bill was passed in lieu of the House Bill. Apparently the Senate Report was adopted as the Conference Report. Unfortunately this court does not have the Congressional Record, Volume 122, wherein the debate was reported.

be an even stronger basis for charging him with the attorney's fees incurred by the defense. 434 U.S., at 422, 98 S.Ct., at 701, 54 L.Ed.2d, at 648.

This is an action, originally instituted between two natives of the same county, Lexington County, South Carolina, and filed June 9, 1976. Plaintiff is a preacher and a Member of the South Carolina Legislature, and defendant Metts, who obviously was the principal target of the litigation, is Sheriff of Lexington County. The complaint pleads 42 U.S.C. § 1988, and thus what would ordinarily be a damage suit slides under the Civil Rights Act. The incident out of which the said action took place on Friday, September 13, 1974, when plaintiff was emptying trash at one of the litter stations in Lexington County, was apprehended by a Deputy Sheriff for depositing the wrong kind of trash. A jury was drawn April 17, 1978 and the case came on for trial April 19, 1978, and culminated on April 20, 1978 and a verdict by the jury, rendered in less than an hour of deliberation, for defendants. This court has been advised that the case has been appealed to the United States Fourth Circuit Court of Appeals, but said appeal will be withdrawn.

Since it is obvious that plaintiff can get attorneys' fees for any reason, "to encourage civil rights litigation" and defendant can only get attorneys' fees by finding of frivolity and bad faith, this court has carefully examined the record in the case and its recollection of the trial. The court is of the opinion that the case was brought for vexatious or harassment purposes. *United States Steel Corp. v. United States,* 385 F.Supp. 346 (W.D.Pa.1974); *Christiansburg Garment Company v. EEOC, supra; Ryals v. Azalea City Racing Club, Inc.,* 443 F.Supp. 146 (S.D.Ala.1977); *Griffin v. Collins,* 443 F.Supp. 1010 (S.D.Ga.1978).

This decision on the part of the court is not based solely on the fact that the jury stayed out less than 45 minutes in rendering a quick verdict in a case that lasted two days, and the additional fact that the suit was not filed until the primary election in which the Sheriff was a candidate was im-minent, but on the entire case, after hearing the testimony, listening to the witnesses, and joining the jury in its apparent finding on the credibility of the parties and witnesses involved in the case.

This court awards attorneys' fees in the sum of $2,000.00, plus costs in the amount of $529.12.

Defendant's motion is granted.

AND IT IS SO ORDERED.